UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL LAUER AND WILLINAM NIX, o/b/o INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, *et al.*, Plaintiffs, | ) ) ) ) ) |
| v. | ) CAUSE NO.: 2:16-CV-429-JVB-JEM ) |
| FORTUNE COMPANIES INC., *et al.*, Defendants. | ) ) ) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Extend Time to Appeal Judgment [DE 87] filed on April 22, 2021. Plaintiffs filed a response on April 28, 2021. Defendants request that the Court, pursuant to Federal Rule of Civil Procedure 58(e), order that Plaintiffs' pending motion for attorney's fees have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Federal Rule of Civil Procedure 59. Is essence, Defendants ask the Court to order that the time to file an appeal of the merits of this action begins to run when the Court rules on the motion for attorneys fees and not before.

Rule 58(e) relief is available if a "timely motion for attorney's fees is made under Rule 54(d)(2)" and no "notice of appeal has been filed and become effective." Fed. R. Civ. P. 58(e). No notice of appeal has been filed. Whether a timely motion for attorney's fees has been made requires closer examination.

Rule 54 provides that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Here, the motion was filed on November 12, 2020. Judgment was not entered until April 9, 2021.[1] However, the Court had ordered the entry

---

[1] An Amended Judgment was entered on April 19, 2021, to correct a typographical error.

of judgment in its October 29, 2020 Opinion and Order. As far as timeliness goes, Rule 54 does not specify a point "no sooner" than which a motion for attorney's fees may be filed; it only specifies a point "no later" than which the motion may be filed.

Though Rule 54 requires a motion for attorney's fees to "specify the judgment . . . entitling the movant to the award," this is a requirement regarding the *contents* of the motion and not the *timeliness* of it. *See* Fed. R. Civ. P. 54(d)(2)(B) (labelled "Timing and Contents of the Motion"). The procedural posture here, where the motion was filed after the Court directed the entry of judgment but before that judgment was actually entered, is significantly different than other cases in this judicial circuit where district courts have noted the lack of an entry of judgment in finding a motion for attorney's fees "premature." *See Owens v. Howe*, 365 F. Supp. 2d 942, 949 (N.D. Ind. 2005) (holding a request for attorney fees made with a motion for summary judgment "was premature given that Rule 54(d)(2)(B) first requires the entry of a judgment"); *Bytska v. Swiss Int'l Air Line, Ltd*, No. 15-CV-483, 2016 WL 6948375, at *4 (N.D. Ill. Nov. 28, 2016) (citing *Owens* and finding that request for attorney fees made while settlement proceedings continued was premature under Rule 54(d)(2)); *see also Tompkins v. Central Laborers' Pension Fund*, No. 4:09-CV-4004 2012 WL 264407, at *4 (C.D. Ill. Jan. 30, 2012) ("It would be premature *to make a determination* on Defendant's request for attorneys' fees and costs at this time [where a counterclaim remains pending]."). Thus, the Court concludes that, though the motion may not have all of the contents required by Rule 54,[2] the motion for attorney's fees is a timely Rule 54 motion. Rule 58 relief, therefore, is available.

Defendants request an extension of the time to appeal the judgment because "they are unable to fully and properly weigh the costs of such an appeal against the potential benefits thereof

---

[2] Defendants have not made any argument regarding deficiency of the Rule 54 motion's contents either in their response to that motion or in the instant motion for extension of time and have waived the issue.

until they learn the amount, if any, of attorneys' fees that may be assessed against them." (Mot ¶ 6, ECF No. 87). Plaintiffs oppose the extension on the basis of the length of time that this case has been pending and the length of time since the Court ruled on Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs do not directly respond to Defendants' asserted reason of needing the Court's ruling on the attorney fee request to properly weigh the costs of an appeal. The Court finds that Defendants have shown good cause for the requested extension.

Therefore, the Court hereby **GRANTS** Defendants' Motion to Extend Time to Appeal Judgment [DE 87]. Pursuant to Federal Rule of Civil Procedure 58(e), the Court **ORDERS** that Plaintiffs Trust Funds' Fed. R. Civ. P. 54(d)(2) Motion for Attorneys' Fees and Costs [DE 72] has the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Federal Rule of Civil Procedure 59.

SO ORDERED on April 30, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT