UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL LAUER and WILLIAM NIX, on behalf of the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> FORTUNE COMPANIES, INC., *et al.*, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO.: 2:16-CV-429-JVB-JEM <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Trust Funds' Fed. R. Civ. P. 54(d)(2) Motion for Attorneys' Fees and Costs [DE 72] filed by Plaintiffs on November 12, 2020. Defendants filed a response on March 25, 2021, and Plaintiffs filed a reply on April 8, 2021.

Plaintiffs brought this case under the Employee Retirement Income Security Act of 1974 (ERISA), seeking to collect delinquent contributions. The Court granted summary judgment in Plaintiffs' favor on Counts I, III, and IV of Plaintiffs' Complaint. The parties stipulated to the dismissal of Counts II and V. Plaintiffs now seek an award of reasonable attorneys' fees. For the foregoing reasons, the Court awards attorneys fees in the amount of $83,904.17.

**ANALYSIS**

When a trustee of an ERISA benefit plan prevails in an action to recover delinquent contributions, the Court must award reasonable attorneys' fees. *Anderson v. AB Painting and Sandblasting, Inc.*, 578 F.3d 542, 544 (7th Cir. 2009); 29 U.S.C. § 1132(g)(2)(D). The starting point for the calculation of a reasonable attorneys' fee award is the lodestar amount (the reasonable number of hours worked multiplied by a reasonable hourly fee), after which other factors can be considered. *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 638 (7th Cir. 2018).

Plaintiffs state that they incurred $85,404.17 in attorneys' fees. In support, they submit the affidavit of attorney Suzanne Dyer, who worked for both firms that represented Plaintiffs in this case. Dyer avers that, based on her review of the billing records, Plaintiffs incurred $87,549.17 in attorneys fees (Plaintiffs have since deducted $2,145.00 from this request).

Defendants argue that Dyer's affidavit is inadmissible because it is not made upon personal knowledge. Dyer's employment history with the firm in question and her review of the billing records give her the requisite personal knowledge. She further identifies Exhibit A to her affidavit as the billing summary which supports Plaintiffs' fee request. The affidavit and its exhibit are admissible. *Cf. Golden v. Nadler, Pritikin & Mirabelli, LLC*, No. 05 C 0283, 2008 WL 341374, at *4 (N.D. Ill. Feb. 1, 2008) ("[C]ourts routinely accept attorneys' affidavits as a starting point in determining the reasonableness of the attorneys' fees.").

Courts presume that attorneys' actual billing rates are appropriate to use as market rate. *See Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). Plaintiffs' counsel billed $200 per hour for most attorney time with some entries being billed at up to $225. Defendants have asserted that there is no evidence of the reasonable rate. They also challenge the $25 fluctuation in hourly rates. Defendants provide no substantive argument or evidence that these rates are unreasonable. Though the Court shares Defendants' curiosity regarding the fluctuating rates, the Court cannot say that any rate billed by Plaintiffs' counsel is unreasonable.

Defendants argue that the 10 hours billed for attending the deposition of Defendant Scott Pitcher should be reduced by 6.4 hours because the deposition began at noon and ended at 3:35 p.m. Plaintiffs' respond that Ms. Dyer also appeared at that deposition and did not bill her time. Then-counsel's office was located in Chicago, and the deposition took place in Kokomo, Indiana, which is approximately 3 hours away. Allowing 6 hours for the drive two and from the

deposition explains the discrepancy between the time billed and the length of the deposition. This time was reasonably expended.

Defendants also contend that billing entries for 4.5 hours of time indicate that they were not intended to be billed to the client. Time that would not be billed to the client is not properly billed to the opposing party. *See Hensley v. Echerhart*, 461 U.S. 424, 434 (1983). Plaintiffs do not respond to this argument. The Court finds that these hours are not reasonable and deducts them from the award.

Additionally, Defendants object to a 3-hour entry for "MSJ, formatting." Clerical work should not be billed. *Firestine v. Parkview Health Sys., Inc*, 374 F. Supp. 2d 658, 667 (N.D. Ind. 2005). Therefore, the Court rejects this line item as unreasonable. Therefore, the amount of the award is reduced by $1500 (7.5 hours of time at $200 per hour) for an award of $83,904.17.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiffs Trust Funds' Fed. R. Civ. P. 54(d)(2) Motion for Attorneys' Fees and Costs [DE 72]. The Court **AWARDS** $83,904.17 in attorneys fees in favor of Plaintiffs and against Defendants.

SO ORDERED on September 21, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
